BARROW COUNTY COTTON MILLS *v.* DeLaPERRIERE, executor, *et al.*

No. 9533. NOVEMBER 10, 1933.

*J. C. Pratt,* for plaintiff in error.

*Erwin, Erwin & Nix, Joe Quillian,* and *G. A. Johns,* contra.

HILL, J. This is an equity case. The contention of the mills is that it is a disinterested stakeholder with reference to the cotton, and that it should not be taxed with the costs and expense of handling the cotton by the sheriff when it was taken possession of by him in the bail-trover suit. It appears from the pleadings filed in the various suits which were consolidated and heard together that the position taken by the mills therein was: (1) that it was a disinterested stakeholder as to both the note and cotton, and it was ready to surrender the one and pay the other when it could do so safely. (2) That the records of the mills indicated that it had paid for the cotton and also for reworking it, and had never been paid for the cotton or reimbursed for the reworking. (3) That the note was void and not binding, because not executed in accordance with the by-laws of the mill. (4) That H. P. Williams held the note and cotton in fraud, to hinder, delay, and defraud the creditors of J. M. Williams. (5) That should the note be adjudged to be the property of J. M. Williams, the mills desired to set off against the note its debt against J. M. Williams, which was about the same amount. (6) That it should be paid its charges for storage and insurance; and that such charges should be made a lien on the cotton or set off against its liability on the note.

The different contentions advanced by the mills as set out above are a sufficient basis for the assessment against it of such part as the court thought proper of the costs of trying the entire consolidated case. The mills was allowed its storage and insurance charges during the time that the cotton was in its possession; the amount of the same being set off against the note of H. P. Williams, and operating to reduce the amount of the judgment thereon. The costs assessed against the mills included the sheriff's expense of handling and storing the cotton from the time that the mills surrendered possession to September 1, 1931, the date of the final decree. It can not be said that the mills was such a disinterested stakeholder, in the

light of its pleadings, in the contest involving the validity of the title of H. P. Williams to the note and cotton, that there was no basis for assessing against it any part of the costs, and that such assessment was an abuse of the discretion of the court.

*Judgment affirmed.   All the Jutices concur.*